IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS, | Nos. C 13-3530 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| vs. | |
| DR. A. KAHJA, | |
| Defendant | |

## INTRODUCTION

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is dismissed with leave to amend.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff, an inmate at Salinas Valley State Prison, alleges that he was placed on suicide watch in a "stripped" cell for five days on one occasion and six days on another occasion. He alleges that during that time he did not have a toilet or sink. He was required to defecate in a bucket. He was required to wait whenever he requested water. Liberally construed, such allegations could state a cognizable claim for the violation of the Eighth Amendment, but plaintiff fails to allege how the defendant, Dr. Kahja, was involved in the allegations. He alleges no conduct by Dr. Kahja, let alone any acts or omissions that led plaintiff to be placed and kept in the stripped cell. He will be given leave to file an amended complaint to do so.

## CONCLUSION

For the reasons set out above, the complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must

2

1  include the caption used in this order and the civil case number C 13-3530 WHA (PR) and the
2  words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint
3  completely replaces the original complaint, plaintiff must include in it all the claims he wishes
4  to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not
5  incorporate material from the original complaint by reference. <u>Failure to amend within the
6  designated time and in accordance with this order will result in the dismissal of this case</u>.

7      It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
8  informed of any change of address by filing with the clerk a separate paper headed "Notice of
9  Change of Address." Papers intended to be filed in this case should be addressed to the clerk
10 and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion.
11 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
12 Federal Rule of Civil Procedure 41(b).

13     IT IS SO ORDERED.

14 Dated: October  10  , 2013.

                              WILLIAM ALSUP
                              UNITED STATES DISTRICT JUDGE